ORIGINAL

*17MAG8446*

Approved: _____
ADAM S. HOBSON
Assistant United States Attorney

Before:    THE HONORABLE HENRY B. PITMAN
United States Magistrate Judge
Southern District of New York

U.S. DISTRICT COURT
FILED
NOV 09 2017
DS
S.D. OF N.Y.

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    **SEALED COMPLAINT**

        - v. -                    :    Violation of
                                       18 U.S.C. § 922(g)(1)

GREGORY FERRER,                   :

                Defendant.        :    COUNTY OF OFFENSE:
                                       BRONX

- - - - - - - - - - - - - - - - - x

DOC #_____

SOUTHERN DISTRICT OF NEW YORK, ss.:

        CHRISTOPHER ZAPATA, being duly sworn, deposes and says
that he is a Detective with the New York City Police Department
("NYPD"), and charges as follows:

COUNT ONE
(Felon in Possession)

        1.    On or about September 24, 2017, in the Southern
District of New York, GREGORY FERRER, the defendant, after
having been convicted in a court of a crime punishable by
imprisonment for a term exceeding one year, knowingly did
possess, in and affecting commerce, a firearm, to wit, a Hi-
Point .38 caliber pistol, model CF380, which previously had been
shipped and transported in interstate and foreign commerce.

        (Title 18, United States Code, Section 922(g)(1).)

        The bases for my knowledge and for the foregoing
charges are, in part, as follows:

        2.    I am a Detective assigned to the Firearms
Suppression Section of the NYPD and I have been personally
involved in the investigation of this matter. This affidavit is
based upon my personal participation in the investigation, my
conversations with law enforcement agents, witnesses and others,
as well as my examination of reports and records. Because this

affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.    Based on my conversations with two NYPD officers ("Officer-1" and "Officer-2") and an NYPD sergeant ("Sergeant-1") from the Public Service Area 7 Anti-Crime Unit, who participated in the arrest of GREGORY FERRER, the defendant, I have learned, among other things, the following:

a.    On or about September 24, 2017, Officer-1, Officer-2, and Sergeant-1 were on patrol in the Bronx, New York.

b.    At approximately 8:00 p.m., Sergeant-1 received a call from an employee ("Employee-1") of a bodega located near the intersection of Boston Post Road and 166th Street (the "Bodega"). Based on Sergeant-1's experience in the area, Sergeant-1 knew that the area surrounding the Bodega was often the site of criminal activity, and Sergeant-1 had previously given his phone number to Employee-1 so that Employee-1 could report suspicious activity.

c.    Employee-1 told Sergeant-1 that there was a man in the Bodega with a gun in his pocket. Employee-1 texted Sergeant-1 a picture of the man. The picture showed a black male wearing a brightly colored shirt and shorts.

d.    Sergeant-1, Officer-1, and Officer-2 proceeded to the Bodega. When they entered the Bodega, they saw FERRER, who appeared to be the person in the picture that Employee-1 had sent. As they approached FERRER, Sergeant-1 and Officer-1 observed a bulge in the front right pocket of FERRER's shorts. Sergeant-1 also observed the handle of a firearm sticking out.

e.    The officers placed FERRER under arrest. Sergeant-1 removed a firearm (the "Firearm") from FERRER's front right pocket.

4.    On or about September 24, 2017, after his arrest, GREGORY FERRER, the defendant, was interviewed by a detective of the NYPD. The interview was recorded on video. I have reviewed the video. After being read his Miranda rights, FERRER admitted, in substance and in part, that he had possessed the Firearm in the Bodega.

2

5.    Based on my review of an NYPD Firearm Examination
Report, I have learned that the Firearm was a Hi-Point .38
caliber pistol, model CF380, and was operable.

6.    Based on my training and experience, and my
communications with a Special Agent from the Bureau of Alcohol,
Tobacco, Firearms and Explosives who is familiar with the
manufacturing of firearms, I know that Hi-Point .38 caliber
model CF380 pistols are not and have never been manufactured in
New York State.

7.    I have reviewed criminal history records
pertaining to GREGORY FERRER, the defendant, which show that
FERRER was convicted on or about May 21, 2015 in the Supreme
Court for New York County of criminal possession of a controlled
substance in the third degree, in violation of New York Penal
Law § 220.16, a felony, which is punishable by imprisonment for
more than one year; that he was convicted on or about May 29,
2008 in the Supreme Court for Bronx County of criminal sale of a
controlled substance in the third degree, in violation of New
York Penal Law § 220.39, a felony, which is punishable by
imprisonment for more than one year; and that he was convicted
on or about May 29, 2008 in the Supreme Court for Bronx County
of criminal sale of a controlled substance on school grounds in
violation of New York Penal Law § 220.44, a felony, which is
punishable by imprisonment for more than one year.

WHEREFORE, deponent respectfully requests that a
warrant be issued for the arrest of GREGORY FERRER, the
defendant, and that he be arrested and imprisoned or bailed, as
the case may be.

_____
Detective Christopher Zapata
New York City Police Department


Sworn to before me this
9 day of November, 2017


_____
THE HONORABLE HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK